UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AT&T CORPORATION,

        Plaintiff,

v                                        Case No. 18-12791
                                        Honorable Thomas L. Ludington

SPEEDNET-SEM LLC,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE LATE RESPONSE AND PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On September 7, 2018, Plaintiff AT&T Corporation ("AT&T") filed a complaint against "SpeedNet-SEM LLC, a/k/a SpeedConnect LLC." ECF No. 1. On March 12, 2019, Plaintiff filed a motion to amend the complaint to include two new parties, SpeedNet, LLC ("SpeedNet") and SpeedConnect, LLC ("SpeedConnect"). ECF No. 10-15. Plaintiff also seeks to include allegations that all three proposed defendants are "the alter egos of each other; exert control or domination over each other…share owners, officers, and directors; and share and/or commingle finances and financial obligations." ECF No. 10-15. Over three weeks later, Defendant filed an ex parte motion for leave to file a late response to Plaintiff's motion. ECF No. 12. The same day, Defendant filed its response. ECF No. 13. For the following reasons, both motions will be granted.

**I.**

On March 12, 2019, Plaintiff filed its motion for leave to file an amended complaint. According to Local Rule 7.1(e)(2)(B), a "response to a nondispositive motion must be filed within 14 days after service of the motion." The rule defines a nondispositive motion as any motion not listed under Local Rule 7.1(e)(1)(A). LR 7.1(e)(2)(A). Because a motion to amend is not listed under 7.1(e)(1)(A), it is not a dispositive motion. Accordingly, Defendant had 14 days to file a

response to Plaintiff's motion. The last day that Defendant could have filed a response and complied with Local Rule 7.1 is March 26, 2019. Defendant did not file a reponse on or before this date.

Over a week later on April 4, 2019, Defendant filed a motion for leave to file a late response to Plaintiff's motion. ECF No. 12. Defendant states that when Plaintiff filed its motion to amend, that "Defendant's counsel happened to be out of town on an extended personal vacation" and "[a]s a result, and due to clerical error, the deadline for filing a Response to the Motion was mis-calendered [sic]." *Id.* at 2.

Defendant's motion will be granted.

## II.

Plaintiff's original complaint alleges that in April 2013, Plaintiff and Defendant entered into a written agreement (the "Contract") in which Defendant agreed to provide Plaintiff with "interstate broadband services, managed internet and other telecommunications." ECF No. 1 at 2. Plaintiff represents that it provided these services from 2013 through March 2017, but that Defendant has not paid Plaintiff the full amount owed. The complaint presents four causes of action: breach of contract, unjust enrichment, breach of contract implied in fact, and promissory estoppel. *Id.*

The Contract lists only two parties: AT&T and SpeedNet. ECF No. 13-2. SpeedNet's address is listed as 455 D North Main Street, Frankenmuth, MI 48734. *Id.* This is the same address listed for both SpeedConnect and SpeedNet-SEM in their annual statements. ECF No. 10-7, 10-9. The three entities also share the same CEO, John Ogren. ECF No. 10-7, 10-8, 10-9. Additionally, the Contract's customer contact for SpeedNet, Bruce Moore, listed a SpeedConnect email provider (bmoore@speedconnect.com) and his telephone number, 866-292-2900, is the same telephone

number for SpeedConnect. Lastly, when John Ogren wrote to Plaintiff terminating SpeedNet's contract with AT&T, he referenced Speed Connect rather than SpeedNet and wrote the letter on SpeedConnect letterhead. ECF No. 10-1.

**III.**

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with the court's leave and that "the court should freely give leave when justice so requires." Denial of a motion to amend is appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**IV.**

Plaintiff's original complaint lists one defendant: "SpeedNet-SEM LLC, a/k/a SpeedConnect LLC." ECF No. 1. In its answer, Defendant stated "Defendant denies that SpeedNet-SEM is 'also known as' SpeedConnect, LLC" and "Plaintiff has named the wrong entity as a Defendant." ECF No. 5 at 2, 3, 9. In its Rule 26(a)(1) Initial Disclosures, Plaintiff sought a stipulated protective order from Defendant. Plaintiff claims that

> Following multiple weeks of silence from Defendant, counsel for AT&T called counsel for Defendant to discuss the matter. During that call, counsel for Defendant expressed his confusion as to why SpeedNet-SEM, LLC a/k/a SpeedConnect was named as a Defendant, stating that this was not the correct party. Counsel for AT&T stated that they would gladly accept any explanation or documentation showing that this was not the correct party to suit [sic]. After more than a week, counsel for Defendant wrote AT&T, stating that his client saw no need to stipulate to the entry of a protective order and further indicated (for the first time) that SpeedNet-SEM, LLC and SpeedConnect, LLC were separate entities.

ECF No. 9 at 7.[1] Plaintiff engaged in further correspondence with Defendant to clarify the relationship among the entities, but Defendant did not furnish the requested information.

Plaintiff's diligent efforts to identify the correct defendants demonstrate promptness and good faith by Plaintiff. Permitting Plaintiff to amend the complaint will not prejudice Defendant because Defendant is already a party to the suit. Naming SpeedNet and SpeedConnect as co-defendants will not negatively impact SpeedNet-SEM because according to SpeedNet-SEM, it is separate from these other two entities.

Defendant contends that Plaintiff's motion to amend should be denied because SpeedNet is the only entity that is party to the Contract. ECF No. 13 at 2–4. It argues that adding SpeedNet-SEM and SpeedConnect would be futile. *See id.* An amendment to a complaint is futile if it does not state a claim upon which relief can be based. A pleading fails to state a claim under Rule 12(b)(6) if it does not contain allegations that support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). However, there are multiple indications that these entities may be the alter-egos of each another. This includes the fact that these entities previously or currently share the same physical address, that they share the same CEO, and that they communicate using one another's email provider or letterhead.

## V.

Accordingly, it is **ORDERED** that Defendant's ex parte motion for leave to file a late response, ECF No. 12, is **GRANTED** and Defendant's response, ECF No. 13, is accepted as filed.

It is further **ORDERED** that Plaintiff's motion for leave to file an amended complaint, ECF No. 9, is **GRANTED**.

---

[1] In its response brief, Defendant did not dispute Plaintiff's characterization or timing of their interaction.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file its amended complaint by **April 16, 2019.**

Dated: April 9, 2019  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge